UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2:17-CV-14271-RLR

GREAT DIVIDE INSURANCE
COMPANY, for itself and on behalf
of Aventura Construction Corporation,

    Plaintiff,

v.

AMERISURE INSURANCE COMPANY
and DRAWDY CONCRETE CONSTRUCTION,
LLC,

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S**
**AMENDED MOTION FOR AWARD OF DAMAGES**

This cause is before the Court on Plaintiff's Amended Motion for Award of Damages [DE 143]. The Motion has been fully briefed. For the reasons set forth below, the Motion is granted.

Plaintiff's Motion was filed in response to the Court's Memorandum Opinion at docket entry 140. In the Memorandum Opinion, the Court ruled that Plaintiff was entitled to damages. Because the Court was unable to determine the precise amount of damages that should be awarded, however, the Court ordered the parties to brief the Court on the limited issue of the proper quantification of damages. Plaintiff complied with the Court's order with cogent, focused briefing at docket entry 143. Defendant filed a Response; however, Defendant's Response does not properly address the issue the Court ordered to be briefed. Instead of disputing the *amount* of damages that should be awarded in this case, Defendant's Response may be fairly characterized

as a motion for reconsideration targeted towards the Court's Memorandum Opinion. Because Plaintiff's Amended Motion for Award of Damages is on-point, persuasive, and essentially undisputed by Defendant's Response, Plaintiff's Motion is granted. The Court will enter final judgment. The Court writes separately, however, to address Defendant's contention in its Response that (essentially) the Court's order on summary judgment somehow altered Plaintiff's burden of proof at trial.

As the Court noted at docket entry 140, page 14, the Court was surprised that Defendant conceded at trial that Plaintiff was not negligent in this case. ("We are not arguing that Aventura was negligent.") DE 128 at 230. Now, in its Response, Defendant again raises the issue of negligence to argue that Plaintiff is not entitled to any damages at all. In raising that issue, Defendant cites to one sentence in the Court's order on summary judgment wherein the Court stated that Defendant "is only liable for [breach] to the extent [Defendant] was negligent in the underlying construction." DE 86 at 13. The argument that Defendant formulates based upon this quotation is unpersuasive for several reasons, each of which is discussed below.

First, the Court's discussion on this matter was reconsidered by this Court at docket entry 90. To clarify, the Court struggled with two competing principles at summary judgment. On the one hand, the Court identified a dispute of material fact that could not be resolved outside of trial. DE 86 at 12. On the other hand, the Court's understanding was that the parties did not desire a trial in this case and wanted the case to be resolved on summary judgment. *Id.* at 13. In reconciling these two principles, the Court reasoned that if it issued a declaration on summary judgment that explained the extent to which either party could prevail on Plaintiff's breach of contract claim, the parties could resolve the dispute of material fact independently without a trial. The dispute of material fact identified by the Court was a dispute over whether Plaintiff was

negligent in the construction in this case or whether Defendant was negligent. Record evidence showed that the allegedly improper construction of a curb could have been attributable to the Plaintiff's decision to place underground gasoline tanks too close to the curb which had the result of forcing the Defendant's construction of the curb into a certain (allegedly improper) form. DE 78-3 at 15-16; DE 78-8 at 34-35. Alternatively, the gasoline tanks could have had no impact and the allegedly improper curb could have been attributable solely to Defendant. The focus of this case from its inception, however, has been almost entirely on the Defendant's obligation to procure insurance and the scope of coverage of that insurance—the comparative negligence of the parties and the construction of the curb was almost a tangential issue in this case. As a result, it appeared to this Court that neither party was prepared to try the issue of comparative construction negligence and, indeed, at trial, neither party introduced evidence of the negligence of the other.[1] The Court's somewhat unusual solution to issue a declaration premised on the dispute of fact ultimately proved to be a solution that Plaintiff rejected—Plaintiff responded to the Court's declaration by demanding its right to a trial, the Court acknowledged that right, the Court reconsidered its prior order on this issue, and the Court set Plaintiff's breach of contract claim (the only claim that survived summary judgment) for trial. DE 90. Thus, when Defendant quotes a portion of this Court's order on summary judgment that was reconsidered by this Court *prior* to trial, that quotation had no bearing or impact on the Court's decision *at* trial.

Second, the Court's statement that Defendant "is only liable for [breach] to the extent [Defendant] was negligent in the underlying construction," DE 86 at 13, was made by the Court before it had a thorough understanding of this area of the case—both factually and legally. Factually, the Court perceived that there were three possibilities in connection with the

---

[1] Plaintiff's evidence of Defendant's negligence was not introduced for the truth of the matter. *E.g.,* DE 128 at 39. Defendant did not argue that Plaintiff was negligent. DE 128 at 230.

construction of the curb—either Defendant was negligent, Plaintiff was negligent, or some combination of the two.[2] This understanding was incorrect as the Court later became aware that there was a third party who could have been negligent—the individual who ultimately tripped and fell on the curb. Furthermore, the Court was factually unaware that there actually *was* a trial[3] on the issue of negligence—the individual who ultimately tripped and fell on the curb ultimately did take his claim to a jury. Legally, the Court did not have a full understanding of the law surrounding Plaintiff's breach of contract claim. By way of example, Plaintiff's memoranda of law in its motion for summary judgment contained a single paragraph on this issue. DE 77 at 14. For this reason, the Court was unaware at summary judgment that it was possible for Plaintiff to prevail without any specific evidence of Defendant's negligence, provided, *inter alia*, that Plaintiff incurred costs in connection with damages stemming from Defendant's construction of the curb. *See* DE 140. The Court discussed the law on this issue at length in its Memorandum Opinion but, at summary judgment, this issue received minimal briefing by the parties—the primary focus of this case was always on the insurance obligations of the Defendant and the scope of the coverage of the insurance that Defendant possessed. In conclusion, the Court only became aware of the full extent of the factual and legal grounds supporting Plaintiff's breach of contract claim after the Court's ruling on summary judgment.

Third, to the extent the Court's order on summary judgment was fashioned with an incomplete understanding of the law, there was no prejudice to any party at trial. Defendant's

---

[2] Defendant's decision not to argue Plaintiff was negligent was particularly confusing to this Court since Defendant's own authority arguably established that even if the parties were *jointly* negligent, Plaintiff's breach of contract claim was precluded by law. *See Charles Poe Masonry, Inc. v. Spring Lock Scaffolding Rental Equip. Co.*, 374 So. 2d 487 (Fla. 1979).

[3] The Court's statement that the parties' negligence had never been adjudicated by any court, DE 86 at 13, was meant to convey why this issue could not be resolved on summary judgment. Had Plaintiff been found to be responsible for the alleged negligence in another case, Plaintiff would be precluded from prevailing on its breach of contract claim in this case. Fla. Stat. § 725.06. Had Defendant been found to be responsible for the alleged negligence in another case, Defendant would be precluded from resisting Plaintiff's breach of contract claim on summary judgment in this case.

purported reliance upon the Court's statement that it was "only liable for [breach] to the extent [Defendant] was negligent in the underlying construction" cannot be squared with its legal argument in this case. By way of example, in the same sentence that Defendant cites to the quote above, Defendant states: "Otherwise, the indemnification agreement would run afoul of section 725.06, Florida Statues." DE 149 at 3. That is an incorrect statement of the law, of which Defendant should be well aware based upon the specific authority that Defendant has cited to this Court. The plain language of section 725.06 limits that defense to breach of contract claims to scenarios where a plaintiff is seeking to recover for the *plaintiff's own actions*. Defendant also cited to this Court the case of *Masonry Inc. v. Spring Lock Scaffolding Rental Equip. Co.*, 374 So. 2d 487 (Fla. 1979), which clearly stands for the proposition that for section 725.06 to bar a contract claim the plaintiff must be, at least in part, attempting to recover for its own behavior or negligence. Furthermore, the Court probed Defendant on this very topic. After the Court questioned whether Defendant's use of section 725.06 should be viewed as an affirmative defense to Plaintiff's breach of contract claim, Defendant's counsel responded as follows:

> The second point is that 725.06 is the statute that we originally raised on summary judgment, that the Court ruled inapplicable because [Plaintiff] was not seeking indemnification for its own negligence, and 725.06 only applies to indemnity agreements in which the indemnity is seeking indemnification for its own negligence. **And so I believe that that issue was resolved on summary judgment**.

DE 128 at 230 (emphasis added). Thus, at trial Defendant represented that it was not even relying upon section 725.06. In any event, Defendant's own case law—and section 725.06—clearly establish that a defendant cannot prevail on a section 725.06 defense unless a plaintiff is attempting to recover for its own actions or its own negligence. Defendant cannot cite to a quotation of this Court (that was reconsidered) for the proposition that the quotation somehow

altered Plaintiff's burden of proof at trial in contravention of the very authority that Defendant relied upon and the very authority that the Court cited.

Fourth and finally, Defendant's position that it need only point out Plaintiff's lack of evidence of Defendant's negligence at trial in order for it to prevail simply makes no sense. At trial Defendant stated: "The Court's order on summary judgment did not say that we were going to have a trial on potential liability. We were going to determine whether [Defendant] was actually negligent." DE 128 at 46. Putting aside the fact that the Court reconsidered its prior order on summary judgment, the Court's order on summary judgment did not determine what Plaintiff had to prove at trial—a complaint determines what a plaintiff must prove at trial. A complaint establishes a plaintiff's burden of proof. Plaintiff never brought a negligence claim. Plaintiff brought a breach of contract claim. The Court set this matter for a breach of contract trial: "Plaintiff is correct that it is entitled to an adjudication on its breach of contract claim. . . . [T]he Court will set a trial date for Plaintiff's breach of contract claim to be adjudicated." DE 90. Negligence is not an element of breach of contract. Negligence is not a condition precedent that triggers Defendant's obligation to indemnify in its contract with Plaintiff. DE 78-2 at 4. The issue of negligence was only interjected in this case as part of Defendant's defense at summary judgment. To be sure, the Court fully expected negligence to be an issue at trial. The Court's expectation was because a dispute of material fact on negligence is what prevented the Court from granting summary judgment in Plaintiff's favor. Had the Court known that Defendant would not argue at trial that Plaintiff was negligent,[4] however, there likely would have been no trial in this case because the Court likely would have granted summary judgment in Plaintiff's favor for all of the reasons set forth at docket entry 140. Defendant has certainly cited

---

[4] At a pretrial status conference, Defendant represented to the Court that the issue for trial would be the "allocation of negligence." Internal Draft Transcript at page 9.

no authority for the proposition that its own defense under section 725.06 (which Defendant appeared to abandon at trial)[5] altered Plaintiff's own burden of proof. Finally, while it is true that the Court never declared "that [the parties] were going to have a trial on potential liability," the Court need not declare the basis upon which Plaintiff will prove its case. Plaintiff chose to prove its breach of contract claim by arguing a potential liability theory. Defendant had fair notice of this theory. For all of the reasons the Court set forth at docket entry 140, Plaintiff prevailed. It was incumbent on Defendant to either counter Plaintiff's theory—Defendant did not do so—or prevail on its own defense under section 725.06—Defendant did not do so.

For all of the foregoing reasons, Plaintiff's Amended Motion for Award of Damages [DE 143] is **GRANTED**. The Court will enter final judgment separately.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 15th day of June, 2018.

_____
Robin L. Rosenberg
United States District Judge

Copies furnished to all counsel of record.

---

[5] DE 128 at 230.